IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

WILL NELSON CLARK,
               Defendant.

**REPORT AND RECOMMENDATION**

08-CR-196(S)(M)

---

This case was referred to me by Hon. William M. Skretny for supervision of all pretrial proceedings [30].[1] Before me is defendant's motion to suppress physical evidence and statements [18].[2] Oral argument was held on February 19 and March 17, 2009 [21, 28]. For the following reasons, I recommend that the motion be GRANTED.

## BACKGROUND

In an Interim Report and Recommendation dated April 14, 2004 [31], I recommended the suppression of physical evidence seized during a search of 1015 Fairfield Avenue in the City of Niagara Falls, New York on June 12, 2008. However, I gave the government until April 24, 2009 to address the admissibility of statements allegedly made by defendant immediately following the search. Id., p. 14; Text Order [32]. Notwithstanding that opportunity, the government has not filed any submission as to the admissibility of defendant's statements.

---

[1]     Bracketed references are to CM-ECF docket entries.

[2]     Although defendant's motion also sought other forms of relief, such as a bill of particulars, those requests were withdrawn at oral argument on February 19, 2009 [21].

## DISCUSSION AND ANALYSIS

The background of this case, along with my reasons for recommending the suppression of physical evidence obtained during the search, are fully set forth in my Interim Report and Recommendation, and need not be repeated here.

In determining whether statements obtained following an illegal search should be suppressed, the issue is "whether, granting establishment of the primary illegality, the evidence to which . . . objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint". Wong Sun v. United States, 371 U.S. 471, 488 (1963).

While defendant does not dispute the receipt of his Miranda warnings prior to giving a statement to the police [18, Ex. B], it has long been recognized that "Miranda warnings, and the exclusion of a confession made without them, do not alone sufficiently deter a Fourth Amendment violation". Brown v. Illinois, 422 U.S. 590, 601 (1975). "The Miranda warnings are an important factor, to be sure . . . . But they are not the only factor to be considered. The temporal proximity of the arrest and the confession, the presence of intervening circumstances . . . and, particularly, the purpose and flagrancy of the official misconduct are all relevant . . . . *And the burden of showing admissibility rests, of course, on the prosecution.*" Id. (emphasis added).

Here, the record indicates that upon being shown the crack cocaine which was found during the search, defendant acknowledged that it belonged to him, and asked what length of sentence he would be facing. Because "the government has failed to show that the evidence was obtained 'by means sufficiently distinguishable to be purged of the primary taint'", United States v. Felix, 2009 WL 483178, *4 (W.D.N.Y. 2009) (Arcara, J.), I recommend that the statements be suppressed. *See also* United States v. Santos, 303 F. Supp.2d 333, 349 (S.D.N.Y. 2003) ("Because both the air-pistol and the .32 caliber pistol were recovered in the course of unlawful searches, any arrest premised on their recovery was unlawful . . . . Furthermore, any statements that Santos made following the unlawful recovery of the weapons and the unlawful arrest must be excluded as fruits of the poisonous tree").

## CONCLUSION

For these reasons, together with those discussed in my Interim Report and Recommendation [31], I recommend that defendant's motion to suppress [18] be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation, or to my Interim Report and Recommendation, must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Crim. P. 58(g) and Local Rule of Criminal Procedure 58.2.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:    April 27, 2009

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge